UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN DEROCHE,

    Plaintiff,

v.                                                                                    Case No: 2:14-cv-189-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court are Plaintiff's Petition for Attorney Fees (Doc. 29), filed on March 24, 2015, and Plaintiff's Consent Amended Petition for Attorney Fees (Doc. 30), filed on March 30, 2015. Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $4,765.51. Doc. 30. Plaintiff attaches a timesheet confirming a total of 25.1 hours worked on this matter at a rates of $190.06 per hour for work performed in 2014 and $188.44 per hour for work performed in 2015. Doc. 30; Doc. 30-1.

In Plaintiff's Petition for Attorney Fees (Doc. 29), Plaintiff represented that the Commissioner opposed the requested attorney's fees. Doc. 29 at 2. In Plaintiff's Consent Amended Petition for Attorney Fees (Doc. 30), Plaintiff indicates that the Commissioner no longer has any opposition to the requested fees. Doc. 30 at 2. In addition to the Commissioner's consent, the distinction between the two petitions is that Plaintiff corrected the time shown for Sarah H. Bohr in the body of the petition

so that the time is consistent with the timesheet attached to the petitions.[1] This adjustment changed the amount of attorney fees requested from $4,783.56 to $4,765.51. The Commissioner consented to the amended petition with the time and rate adjustment. Doc. 30 at 2. Therefore, the Court will deny as moot Plaintiff's Petition for Attorney Fees (Doc. 29). The Court will address Plaintiff's Consent Amended Petition for Attorney Fees (Doc. 30). For the reasons stated herein, Plaintiff's Consent Amended Petition for Attorney Fees is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

In this case, the Commissioner filed an Unopposed Motion for Entry of Judgment with Remand (Doc. 26), and on January 21, 2015 the Court entered an Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docs. 17. Judgment was entered on January 23, 2015. Doc. 28. Thus, Plaintiff is the prevailing party in this

---

[1] Plaintiff's Petition for Attorney Fees (Doc. 29) lists the hours spent by Sarah H. Bohr working on this case as 19.1 hours in 2014 at a rate of $190.58 per hour and 1.3 hours in 2015 at a rate of $190.58 per hour. Plaintiff's Consent Amended Petition for Attorney Fees (Doc. 30) lists the hours spent by Sarah H. Bohr working on this case as 18.1 hours in 2014 at a rate of $190.06 per hour and 2.3 hours in 2015 at a rate of $188.44 per hour. The rate for Majorie A. Schmoyer changed also from $190.58 to $190.06 per hour for 2014 and $190.58 to $188.44 per hour in 2015.

litigation. Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that his net worth at the time this proceeding was filed was less than two million dollars. Doc. 30. The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met. *Id.*

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

As noted by Plaintiff's counsel, she is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work she performed in 2014 and 2015. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $190.06 for 2014 and $188.44 for 2015 are appropriate hourly rates. Plaintiff's counsel also has submitted timesheets that include an itemization of legal services performed. Doc. 30 at 4; Doc. 30-1. Counsel spent a total of 25.1 hours of

work on Plaintiff's case. *Id.* After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Petition for Attorney Fees (Doc. 29) is **DENIED AS MOOT**.

2. Plaintiff's Consent Amended Petition for Attorney Fees (Doc. 30) is **GRANTED**. Attorney's fees in the amount of $4,765.51 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

3. The Clerk is directed to enter a judgment for Plaintiff as to attorney's fees in the amount of $4,765.51 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record