UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN DEROCHE,

    Plaintiff,

v.                                                         Case No: 2:14-cv-189-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Attorneys' Consent Amended Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) filed on February 25, 2019. Doc. 35. Plaintiff's counsel requests an award of $13,442.25 in attorney's fees pursuant to 42 U.S.C. § 406(b), representing 25 percent of the balance of Plaintiff's past-due Social Security disability benefits. *Id.* at 1-3. The Commissioner does not oppose the requested relief. *Id.* at 3. For the reasons stated below, the motion is granted.

Plaintiff retained counsel on November 22, 2010 to represent him in his appeal of the denial of benefits by the Commissioner. *Id.* at 1. On March 14, 2014, after his claims were denied, he signed a fee agreement with counsel wherein counsel agreed to represent Plaintiff in his appeal to this Court. *Id.*; Doc. 35-1. Plaintiff filed a Complaint with this Court on April 2, 2014, and on January 21, 2015, the Court granted the Commissioner's unopposed motion to remand and judgment was subsequently entered in favor of Plaintiff. Docs. 25, 26, 28. On remand, an Administrative Law Judge ("ALJ") issued a fully favorable decision awarding benefits to Plaintiff commencing February 26, 2011. Doc. 35 at 2. On February 16, 2019, the Commissioner issued

a notice to counsel demonstrating that the Commissioner is withholding $13,442.25 as payment to counsel, which represents 25 percent of the past-due benefits for Plaintiff.[1]  Doc. 35-2.

There are three statutory provisions under which attorneys representing claimants in social security disability cases may be compensated: 42 U.S.C. § 406(a), § 406(b) and 28 U.S.C. § 2142(d) (the "EAJA").  § 406(a) provides for fees for work done before the Commissioner at the administrative level, paid out of the claimant's past-due benefits awarded, which is capped at 25 percent of the past-due benefits or a lesser fixed amount.  42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II). For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA.[2]  Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).[3]

Plaintiff was previously awarded $4,765.51 in attorney's fees under the EAJA.  Docs. 30, 31.  His counsel now seeks attorney's fees pursuant to § 406(b), which provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as

---

[1] The Court denied without prejudice Plaintiff's previous motion because it did not attach a Notice of Award issued by the Commissioner stating the full amount of past-due benefits awarded to Plaintiff, and thus the Court could not determine whether the amount requested was 25 percent of the full award.  *See* Doc. 34.  Although the notice attached to the amended motion is not a Notice of Award and does not state the full amount of past-due benefits, it states that the Commissioner is withholding $13,442.25 and that the amount represents 25 percent of the full amount of past-due benefits awarded to Plaintiff.  *See id.*  Thus, the Court finds this sufficient as it shows that the amount of $13,442.25 is equivalent to 25 percent of the full award.

[2] The EAJA permits a claimant to seek an award of fees against the Government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified.  28 U.S.C. § 2412(d)(1)(A).

[3] The EAJA has a "Savings Provision" which "prevents attorneys from receiving double recovery under both the EAJA and § 406(b)."  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010).  Pursuant to the Savings Provision, attorneys who collect EAJA and § 406(b) fees for the same work must refund the smaller of the two fees to their client.  *See id.* at 1271, 1273 (observing that Savings Provision furthers the EAJA's purpose of increasing "the portion of past-due benefits the successful Social Security claimant may pocket.").

> part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. *See Gisbrecht*, 535 U.S. at 807. In *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b). *See id.*

As noted, Plaintiff was awarded past-due disability benefits and, based on the notice issued to counsel by the Commissioner, the full amount appears to be $53,769. *See* Doc. 35-2. Plaintiff's counsel timely filed the present motion seeking an award of the balance of 25 percent of the full award, $13,442.25, for representation of Plaintiff. Doc. 35 at 1-2. Plaintiff's counsel attached to the motion the fee agreement between Plaintiff and counsel, which states that if Plaintiff prevails in federal court and is awarded benefits by the Commissioner, he will pay 25 percent of the past-due benefits awarded to counsel. Doc. 35-1 at 1. As noted, the Commissioner does not oppose Plaintiff's request for fees. Doc. 35 at 3. Further, Plaintiff's counsel recognizes she must refund to Plaintiff the smaller fee if awarded fees under both the EAJA and § 406(b). *Id.* at 2.

Plaintiff's counsel contends that the amount of the fee requested is reasonable under § 406(b). "A fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the 25 percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *McGuire*, 873 F.2d at 981. Finally, "because [§] 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17. Upon review of the motion and the fee agreement, the Court finds that the amount is reasonable and will award the requested fees to Plaintiff's counsel.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Attorneys' Consent Amended Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 35) is **GRANTED**.

2. Attorney fees in the amount of **$13,442.25** are awarded to Plaintiff's counsel and may be paid directly to counsel.

3. The **$4,765.51** awarded under the EAJA (Docs. 30, 31) is to be refunded to Plaintiff.

4. The Clerk is directed to enter a judgment as to attorney's fees in the amount of **$13,442.25** under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2019.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of record